UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

CASE NO. 3:21-cv-01297-ADC-HRV

RAMON LANZA-VASQUEZ,        :
                Movant,     :
                            :
        v.                  :
                            :
UNITED STATES OF AMERICA,   :
                Respondent. :
_____/

## DECLARATION OF ANDREA PATE

I, ANDREA PATE, hereby declare and state the following in accordance with the provisions of Title 28, U.S.C., Section 1746 under penalty of perjury:

1.  I am currently employed by the United States Department of Justice, Federal Bureau of Prisons (BOP).  I am currently assigned to the Federal Correctional Complex in Coleman, Florida ("FCC Coleman") which is composed of five institutions, including United States Penitentiary – I ("Coleman USP-I") where Ramon Lanza-Vazquez, Registration Number 31713-069, the movant above, was incarcerated in 2021.  I have been employed by the BOP in various capacities since March 2008.  I am currently employed as a

Supervisory Correctional Systems Specialist (SCSS), at the Federal Correctional Complex, Coleman, Florida. I have served in this capacity since April 2024.

2. I understand that the Clerk of Court docketed Movant Ramon Lanza-Vasquez's motion under 28 U.S.C. § 2255 on June 15, 2021. It is my further understanding that Movant Ramon Lanza-Vasquez's motion was mailed through the prison mailing system for delivery to the Clerk of the U.S. District Court in Puerto Rico. At that time and up to the current date, the following procedures were utilized for processing inmate mail at the facility.

3. Inmate communications by mail are governed by 28 C.F.R. 540.10, Bureau of Prisons, Program Statement 5800.16, Mail Management Manual, and FCC Coleman Complex Supplement COC 5800.16E, Mail Management. Inmate correspondence is divided into three categories: general correspondence, special mail, and legal mail. Inmates are made aware of the mail procedures during their admission and orientation class, through their Inmate Admission Handbook and via Bureau of Prisons program statements available in the law library.

4. Inmates must deliver their outgoing legal mail directly to a staff member, normally to a correctional systems staff. See Attachment A, FCC Coleman Complex Supplement COC 5800.16E, Mail Management, at p. 7-8, ¶ 8. Ordinarily inmates will deliver their legal mail Monday through Friday, between the hours of 10:45 a.m.

and the securing of the dining hall for the noon meal, directly to the mail room staff in front of the Receiving and Discharge area. Staff receiving the mail confirm the inmate delivering the mail is the same inmate reflected in the return address and time stamp and/or make a handwritten note on the back of the envelope provided by the inmate to show the date and time received by the mail room. "*Legal mail*" is considered and treated as "*special mail*" as reflected here and below.

    5.   Pursuant to Federal Regulations, when staff is directly given special mail, which includes legal mail, they note the date of receipt on the back of the envelope, place their initials on the back of the envelope, and stamp it with the following statement:

> The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

*See* 28 C.F.R. 540.18(d). As indicated, legal mail is recognized as special mail, and mailroom staff use this procedure when they receive legal mail.

6.   Ordinarily, all outgoing letter mail, including general correspondence, special mail and legal mail, is processed and dispatched within 24 hours, excluding weekends and holidays. *See* Bureau of Prisons Program Statement, Mail Management Manual, 5800.16(3.16) at www.bop.gov. Any special mail, including legal mail, completed by an inmate during the weekend or a holiday will not be delivered to the mail room staff until the next following work day.

7.   If inmate Lanza-Vazquez had indicated to BOP staff that his mail was legal mail, then he would have been authorized to seal it himself and provide it to BOP staff for mailing. Pursuant to policy as stated above, staff would then have noted the date of receipt on the *back* of the envelope provided by the inmate, placed their initials on the back of the envelope, and would have stamped the *back* of the envelope with the statement quoted above in Paragraph 5. As previously noted, the mail would have been taken to the post office for mailing within 24 hours, unless it was received on a weekend or holiday, in which case it would be delivered the next business day.

8.   If, on the other hand, inmate Lanza-Vazquez provided his letter to staff as general mail, the mail would have been subject to inspection prior to mailing. There would be no indication on the envelope of when it was received by mail room staff. The BOP does not maintain a record of when items mailed out as general or

legal/special mail were received by the staff, except for certified mail (*see* below).  However, general mail is still taken to the post office within approximately 24 hours of receipt, with the weekend and holiday exception as noted above.

   9.   Neither Federal Regulation nor BOP policy require an outgoing special/legal mail log and such a log is not currently maintained at FCC Coleman.  The only outgoing mail log maintained by staff at the FCC Coleman is for outgoing certified mail; however, we no longer have records from 2021 at the complex.

   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

   Executed this 14th day of April, 2025.

Andrea Pate
SUPERVISORY CORRECTIONAL SYSTEMS SPECIALIST