# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LUIS D. RIVERA-CARRASQUILLO,

Petitioner,

v.                                                    CIVIL NO.  21-1198 (ADC) (HRV)

UNITED STATES OF AMERICA,

Respondent.

---

EDWIN BERNARD ASTACIO-ESPINO,

Petitioner,

v.                                                    CIVIL NO. 21-1210 (ADC) (HRV)

UNITED STATES OF AMERICA,

Respondent.

---

RAMON LANZA-VAZQUEZ

Petitioner,

v.                                                    CIVIL NO. 21-1297 (ADC) (HRV)

UNITED STATES OF AMERICA,

Respondent.

1

## OMNIBUS MEMORANDUM AND ORDER

### I.    INTRODUCTION

Petitioners Luis D. Rivera-Carrasquillo ("Rivera-Carrasquillo"), Edwin Bernard Astacio-Espino ("Astacio-Espino") and Ramón Lanza-Vázquez ("Lanza-Vázquez") have filed separate habeas petitions under 28 U.S.C. § 2255. These petitioners were jointly tried and convicted in Criminal No. 12-200 (ADC). They are currently serving life sentences. The presiding District Judge referred these section 2255 motions to me for report and recommendation. A joint evidentiary hearing is currently set for December 15, 2025.

Though they originally filed their habeas petitions *pro se*, petitioners Rivera-Carrasquillo and Astacio-Espino have since retained counsel, and the Court has appointed counsel for Lanza-Vázquez. Through counsel, petitioners all move for leave to amend and/or supplement their original *pro se* petitions pursuant Fed. R. Civ. P. 15. The Government opposes arguing that the new claims asserted do not relate back and are, thus, time barred. Also pending before the Court is Rivera-Carrasquillo's motion to expand the evidentiary hearing, (Civil No. 21-1198 (ADC), Docket No. 57), Astacio-Espino's motion requesting disclosure of juror number (Civil No. 21-1210 (ADC), Docket No. 75), and Lanza-Vázquez's own motion to expand the scope of the evidentiary hearing. (Civil No. 21-1297 (ADC), Docket No. 42).

I will address each motion separately, although some of the claims and arguments raised overlap and/or are subject to the same legal framework. The undersigned's goal is to provide the parties guidance regarding which claims are at play and the scope of the upcoming evidentiary hearing. The parties should be aware that my analysis gives a lot

of weight to the fact that the presiding District Judge already conducted an initial review of the habeas petitions and referred the matter to me for a hearing as to most of the claims asserted.

## II.    PROCEDURAL BACKGROUND

### A.    Criminal No. 12-200 (ADC)

I assume the parties' familiarity with the facts and travels of the underlying criminal prosecution that resulted in the convictions and sentences that the petitioners are now seeking to collaterally attack. For a good summary, the readers are referred to the First Circuit's opinion in *United States v. Carrasquillo-Rivera*, 933 F.3d 33 (1st Cir. 2019).

In general terms, the petitioners were charged by way of superseding indictment with numerous offenses committed as members of a gang called "La ONU." The charges included RICO conspiracy, aiding and abetting violent crimes (specifically, murder and attempted murder) in aid of racketeering ("VICAR"), and related firearms and drug-trafficking offenses. Rivera-Carrasquillo was alleged to be a leader, drug-point owner, and enforcer for the organization. Astacio-Espino and Lanza-Vázquez were drug-point owners and enforcers. The superseding indictment alleged, and the Government at trial presented evidence to that effect, the participation of the co-defendants in several murders and other violent acts.

Petitioners were tried together to a jury that was anonymously convened. They were found guilty of all the offenses and sentenced to life imprisonment. The First Circuit affirmed their convictions and sentences, which became final on April 20, 2020, the date the Supreme Court of the United States denied writ of certiorari. *See* 140 S. Ct. 2691.

**B.    Habeas Petitions and the Referral Order**

As noted earlier, petitioners originally filed their § 2255 petitions *pro se*. On December 20, 2024, the presiding District Judge issued an order referring these petitions to me "for the celebration of an evidentiary hearing of petitioners' claims" and for report and recommendation. (Civil No. 21-1198, Docket No. 26, Civil No. 21-1220, Docket No. 20, and Civil No. 21-1297, Docket No. 14). Through counsel, petitioners now seek to amend and/pr supplement their *pro se* habeas petitions and ask that the supplemental claims all be part of the upcoming evidentiary hearing.

**1.    *Rivera-Carrasquillo***

In his original petition, Rivera-Carrasquillo raised the following claims premised on ineffective assistance of counsel: (1) failure to request a mistrial when it was discovered that "Juror 27" did not disclose during jury selection that her son was incarcerated; (2) failure to object to a jury instruction that racketeering activity included firearms; (3) failure to retain a medical expert to present evidence of his brain injury; (4) failure to move to disqualify Judge Fusté or request a mistrial due to lack of impartiality; (5) failure to impeach the testimony of Wesley Figueroa-Cancel about the murder of Angel Gonzalez-Villanueva aka "El Chaple" with an FBI-302 report; (6) failure to request a multiple conspiracies jury instruction; and (7) cumulative effect of all the errors by trial counsel. (Civil No. 21-1198, Docket Nos. 1, and 1-1). Rivera-Carrasquillo also brought a challenge to the firearms counts under *United States v. Davis*, 588 U.S. 445 (2019). (Id.).

In a supplemental motion filed on May 18, 2021, Rivera-Carrasquillo added a claim of ineffective assistance of trial counsel for failure to present the sworn statement and testimony of Alexis Betancourt to show that Government witnesses who were housed

4

together met and conferred to make sure their testimonies at trial coincided (Id., Docket No. 3). He also submitted an affidavit in support of the jury misconduct claim. (Id., Docket No. 7).

The Government filed its response in opposition on March 21, 2022. (Id., Docket No. 11).  In it, the Government argued that murder is a crime of violence under *Davis*, and that the ineffective assistance of counsel claims were meritless. The Government also contended that no prejudice could be shown, and that Rivera-Carrasquillo was not entitled to an evidentiary hearing.

On September 6, 2022, Rivera-Carrasquillo filed a second supplemental 2255 motion wherein he brings a claim under *United States v. Taylor*, 596 U.S. 845 (2022) to set aside the RICO conspiracy and related § 924(c) counts. (Id., Docket No. 18). Petitioner asserts that this claim relates back to his original petition and is, therefore, timely. On May 2, 2023, Rivera-Carrasquillo sought leave to file yet another supplemental memorandum of law, this time to raise a claim of prosecutorial misconduct. (Id., Docket Nos. 22, 23). The gist of this claim is that the Government knowingly presented to the Grand Jury the perjured testimony of Wesley Figueroa Cancel. (Id.). The Government opposed and petitioner replied. (Id., Docket Nos. 24 and 25).

Following the referral to the undersigned, Rivera-Carrasquillo filed, this time through retained counsel, a motion for leave to file a supplemental § 2255 motion. (Id., Docket No. 56). He tendered the supplemental motion on the same date. (Id., Docket No. 54). In the supplemental motion, petitioner argues that the juror misconduct claim presents an issue of structural error requiring a new trial. Petitioner also expands on the previously raised claims of prosecutorial misconduct, brings a new ground of ineffective

assistance of counsel for failure to request the disqualification of Judge Fusté, supplements the *Davis/Taylor* claim, and raises a separate challenge to the VICAR murder count. Additionally, Rivera-Carrasquillo moves the court to expand the scope of the evidentiary hearing. (Id., Docket No. 57). The request is made as a result of the undersigned's statement at a status conference stating to be inclined to limit the evidentiary hearing to the claim of ineffective assistance of counsel regarding the juror misconduct issue. Rivera-Carrasquillo urges that the evidentiary hearing should also encompass the additional claims of ineffective assistance of counsel, the claim about Judge Fusté's bias, and the prosecutorial misconduct allegations.

The Government opposes both the request for leave to amend and the request to expand the scope of the evidentiary hearing. (Id., Docket Nos. 62 and 66). The United States specifically moves to dismiss all claims that it maintains are time-barred, opposes any attempt to backdoor untimely claims by joining the claims and arguments of his former co-defendants, and opposes any expansion of the evidentiary hearing. In reply, Rivera-Carrasquillo argues that the Government has waived its statute of limitations defense by not previously raising it. (Id., Docket No. 65). On August 29, 2025, the United States filed its supplemental response in opposition to motion to vacate. (Id., Docket No. 69). The Government insists in its position that leave to amend should be denied on claims that are time-barred but files its substantive opposition "[o]ut of an abundance of caution." (Id. at 1).

### 2. *Astacio-Espino*

On April 30, 2021, Astacio-Espino filed his *pro se* motion to vacate, set aside, or correct sentence and memorandum of law in support. (Civil No. 21-1210 (ADC), Docket

Nos. 1 and 2). Petitioner raised myriad grounds to wit: a challenge to the RICO and firearms counts of conviction under *Davis* as well as ineffective assistance of counsel claims for (1) failure to request mistrial based on jury misconduct; (2) failure to present evidence of cooperating witnesses housed together conferring so that their testimonies coincide; (3) failure to move to disqualify Judge Fusté or request a mistrial on grounds of lack of impartiality; (4) failure to present an English version of an affidavit proving Fourth Amendment standing to request suppression; (5) failure to move to strike evidence of the helicopter incident; (6) failure to object to the racketeering activity jury instruction; and (7) failure to request multiple conspiracies jury instruction. Petitioner also argues that relief is warranted due to the cumulative effect of the errors allegedly committed by counsel and requests an evidentiary hearing.

The United States filed its response in opposition on March 3, 2022. (Id., Docket No. 9). According to the Government, the *Davis* claim fails because murder qualifies as a crime of violence, petitioner cannot establish ineffective assistance of counsel nor prejudice, and the court should not grant an evidentiary hearing. Astacio-Espino replied on July 8, 2022. (Id., Docket No. 11). On June 1, 2023, Astacio-Espino sought leave to amend his petition and tendered a supplemental pleading brining a claim under *United States v. Taylor*. (Id., Docket No. 18).

On June 17, 2025, Astacio-Espino moved through counsel for leave to amend his section 2255 motion under Fed. R. Civ. P. 15(a). (Id., Docket No. 44). On the same date, petitioner tendered his amended petition. (Id., Docket No. 46). The tendered amended § 2255 motion raises a claim of juror misconduct and material non-disclosure (Ground One). It also brings a claim of ineffective assistance of counsel (Ground Two) premised

on four separate alleged instances of deficient performance, namely, failure to inform the Judge about the juror's non-disclosure of her son's arrest and juvenile conviction; failure to object to improper jury instructions; failure to call exculpatory witness Alexis Betancourt; and failure to move for the recusal of Judge Fusté. Astacio-Espino's third ground for relief lies in that the 18 U.S.C. §§ 924(c) and 924(j) are invalid under *Davis* and *Taylor*.

The Government filed a response in opposition to the motion for leave to amend, contending that the tendered amended 2255 motion advances claims that do not relate back and are, therefore, barred by the applicable statute of limitations. (Id., Docket No. 68). In a separate filing, the United States responds to the amended motion out of an abundance of caution. (Id., Docket No. 71). Astacio-Espino filed a reply. (Id., Docket No. 72). Further, on October 27, 2025, Astacio-Espino filed a motion requesting, in sum and substance, that the Court disclose to the parties the juror number corresponding to Juror C.D. (Carmencita Diaz). (Id., Docket No. 75).

### 3.    *Lanza-Vázquez*

In his *pro se* § 2255 motion, Lanza-Vázquez brings claims of ineffective assistance of counsel and a claim under *United States v. Davis*. (Civil No. 21-1297 (ADC), Docket No. 1). With respect to the latter, petitioner challenges the validity of the VICAR and § 924(c) and (j) convictions. As to the former, and like his co-defendants, Lanza-Vázquez contends that his attorney rendered ineffective assistance by failing to move for a mistrial upon being appraised of juror misconduct, for failure to present the sworn statement of Alexis Betancourt to prove the witnesses prepared their testimonies as a group, and for failing to move for the disqualification of Judge Fusté. Petitioner also alleges that his trial

attorney provided ineffective assistance of counsel for his failure to elicit the names of individuals that purportedly ordered the murder of Orlando Medina.

The Government filed its response in opposition on February 8, 2022, and argued that Lanza-Vázquez was not entitled to an evidentiary hearing. (Id., Docket No. 8). Lanza-Vázquez replied and later supplemented his reply. (Id., Docket Nos. 10 and 11).[1] Subsequently, on June 6, 2022, Lanza-Vázquez filed a motion to amend adding a claim under *Missouri v Frye*, 566 U.S. 134 (2012) for failing to properly advise him during the plea-bargaining process. (Id., Docket No. 12).

Through appointed counsel, on October 13, 2025, Lanza-Vázquez filed a motion for leave to file a supplemental § 2255 motion and tendered the same. (Id., Docket Nos. 38 and 39). The following grounds for habeas relief are asserted: (1) violation to the right to a fair trial before an impartial jury due to juror dishonesty; (2) ineffective assistance of counsel for failure to address juror misconduct, failure to investigate and present exculpatory evidence regarding the collusion of Government witnesses, failure to move for Judge Fusté's recusal, and failure to elicit information that the murder attributed to him was not in furtherance of La ONU; (3) prosecutorial misconduct; and (4) a *Davis/Taylor* challenge. Lanza-Vázquez also requests that the scope of the evidentiary hearing encompass all the claims presented except the *Davis/Taylor* claim. (Id., Docket No. 42).

---

[1] The reply at Docket No. 11 was substituted by counsel at Docket No. 34 as it was incomplete and missing pages. The Court granted the request for substitution. (Civil No. 21-1297 (ADC), Docket No. 35).

Recently, on October 28, 2025, the United States filed a response opposing Lanza-Vázquez' motion for leave to file a supplemental habeas petition, responding to the tendered supplemental section 2255 motion, and opposing the request to expand the scope of the evidentiary hearing. (Id., Docket No. 46). First, the Government argues that all of Lanza-Vázquez' claims are time-barred and that his certification of having placed it in the mail on April 16, 2021, with a postmark of almost two months later is suggestive of fraud. Second, consistent with its position with respect to the other petitioners, the Government contends that even if the Court found the original petition was timely, new and unrelated claims are time-barred for they do not meet the relation back requirement. The Government, in any event, responds to the new claims asserted. Lanza-Vázquez replied on November 4, 2025. (Id., Docket No. 49).

### III.    LEGAL FRAMEWORK

**A.    28 U.S.C. § 2255 – Evidentiary Hearings**

A petitioner is entitled to post-conviction relief under 28 U.S.C. § 2255 if the challenged sentence "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (citing *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). In other words, a prisoner in custody may move under section 2255 to vacate, set aside, or correct a sentence that he or she claims was imposed in violation of the Constitution or laws of the United States. *See Daniels v. United States*, 532 U.S. 374, 377 (2001).

In the section 2255 context, evidentiary hearings "are the exception, not the norm." *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003). Thus, a habeas

petitioner "bears the burden of establishing the need for an evidentiary hearing[,]" *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993), and, ultimately, the decision to hold one is committed to the discretion of the court. *See Bucci v. United States*, 662 F.3d 18, 32 (1st Cir. 2011). "Where the record, motions, and supporting documentation demonstrate there to be a genuine issue of material fact, the Court must hold an evidentiary hearing." *Kiley v. United States*, 260 F. Supp. 2d 248, 257 (D. Mass. 2003) (citing *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978)). A hearing is not necessary, however, if "(1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." *David v. United States*, 134 F.3d at 477 (quoting *United States v. McGill*, 11 F.3d at 225-26).

## B.   28 U.S.C. § 2255 – Statute of Limitations

Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitation applies to federal habeas petitions. In most cases, "[t]he limitation period shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *see also Clay v. United States*, 537 U.S. 522 (2003). However, this limitations period is not jurisdictional and may be forfeited or waived by the respondent. *See Day v. McDonough*, 547 U.S. 198, 202 (2006) ("Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto. Fed. Rules Civ. Proc. 8(c), 12(b), and 15(a). And we would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense."); *Wood v. Milyard*, 566 U.S. 463, 474 (2012) (waiver found because the state evinced a "clear and accurate understanding" of the

11

statute of limitations issue but "deliberately steered the District Court away from the question and towards the merits.").

**C.    Fed. R. Civ. P. 15 – Relation Back**

The "period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014). The burden is on the petitioner to show that his or her petition should be treated as timely. *See Ramos-Martínez v. United States*, 638 F.3d 315, 325 (1st Cir. 2011). "Otherwise untimely pleading amendments 'relate back' to the date of the timely-filed original pleading provided the claim asserted in the amended plea 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Turner v. United States*, 699 F.3d 578, 585 (1st Cir. 2012) (quoting Fed. R. Civ. P. 15(c))[2]. To relate back, an "amended habeas corpus claims generally must arise from the 'same core facts,' and not depend upon events which are separate both in time and type from the events upon which the original claims depended." *Id.* (quoting *Mayle v. Felix*, 545 U.S. 644, 657 (2005)). For example, "[t]he standard cannot be satisfied merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective claim based upon an entirely distinct type of attorney misfeasance." *Ciampi*, 419 F.3d at 24.

---

[2] Fed. R. Civ. P. 15(c) states in relevant part: "An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." The First Circuit has held that Rule 15 "governs amendments to habeas petitions in a § 2255 proceeding." *United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005).

## IV.    DISCUSSION

**A.    Rivera-Carrasquillo's Motion for Leave to Amend (Civil No. 21-1198 (ADC), Docket No. 56).**

After careful consideration of the record, the timing of the filings, and the applicable law, I find and intend to recommend to the presiding District Judge, that the following claims be dismissed as they do not relate back and are, therefore, time barred: (1) claim of prosecutorial misconduct for allegedly presenting perjured testimony to the Grand Jury; and (2) the claim of ineffective assistance of counsel for failure to request Judge Fusté's recusal due to an alleged death threat. These are new and unrelated claims that made their debut in Rivera-Carrasquillo's most recent supplemental habeas petition, and the Government has affirmatively asserted the statute of limitations defense as to them. In any event, there is no evidentiary support for these claims to warrant an evidentiary hearing.

As to the remaining grounds, I find, first, that the *Davis/Taylor* claim relates back to the original petition. However, such claim presents only a legal question and will be addressed in my report and recommendation on the parties' briefs. Second, I find that the claim of structural error for alleged juror misconduct also relates back to the original petition and is therefore timely.

The prosecutorial misconduct claim for allegedly presenting the perjured testimony of Wesley Figueroa-Cancel at trial is untimely because I find that it does not relate back to any claim asserted in the original habeas petition. But the Government waived the non-jurisdictional limitations defense by choosing to respond to it and not raising it as part of its answers. This claim shall be limited to the allegedly perjured

testimony regarding the murder of El Chaple at trial. The Court will not allow variants of the argument related to the murder of Christian Toledo-Sanchez aka "Pekeke" nor the kidnapping of Kiki for those claims depend on different facts and different timing and were not properly developed to meet petitioner's burden to show either relation-back or entitlement to a hearing. Lastly, the claim of ineffective assistance of counsel for failure to present the sworn statement of an individual named Alexis Betancourt (Civil No. 21-1198 (ADC), Docket No. 3) will also be considered inasmuch as the Government has waived the statute of limitations defense by responding to it. (Id., Docket No. 11). I briefly explain my reasoning.

### 1.    *Juror Misconduct as Structural Error*

To obtain relief on a claim that a juror failed to respond accurately to questions asked during jury selection, "a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S. Ct. 845, 78 L. Ed. 2d 663 (1984). "The outcome of this inquiry depends on whether a reasonable judge, armed with the information that the dishonest juror failed to disclose and the reason behind the juror's dishonesty, would [have struck the juror for cause]." *Sampson v. United States*, 724 F.3d 150, 165-66 (1st Cir. 2013) (emphasis in original).

In *United States v. French*, 909 F.3d 111, 119 (1st Cir. 2018), the First Circuit explained that it views "the presence of a biased juror as structural error -- that is, per se prejudicial and not susceptible to harmlessness analysis." It reached that conclusion in the context of a direct appeal of the denial of a motion for new trial, finding that such

conclusion was dictated by its prior precedent as well as precedent from the Supreme Court. *Id.* It further explained that though rare, structural error entails "defect[s] affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself" and errors that "deprive defendants of 'basic protections' without which 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." *Id.* (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991) and *Neder v. United States*, 527 U.S. 1, 8-9 (1999)). Examples of structural error include trial before a biased judge and "trial before a jury whose impartiality has been fatally compromised." *United States v. French*, 904 F.3d at 119 (citations omitted); *see also United States v. Sampson*, 724 F.3d at 163 (noting that the right to an impartial jury is a "constitutional bedrock" and that ""[i]f even a single biased juror participates in the imposition of the death sentence, the sentence is infirm and cannot be executed.").

Here, the crux of the juror misconduct claim is the alleged dishonesty of a juror identified by petitioners as Carmencita Diaz and who was allegedly seated as juror in their trial. Specifically, the alleged misconduct consists of failing to disclose that she had a son who was convicted as a juvenile and was serving a sentence in state court. On the question of timeliness, this claim, whether framed as a claim of structural error or as a claim of ineffective assistance of counsel, arises out of the same core facts and does not depend on separate type of events or timeframes. As such, the structural error claim relates back to the original ineffective assistance of counsel claim and is deemed timely.[3]

---

[3] Characterizing the claims as structural error or ineffective assistance of counsel for failure to request mistrial may have other legal implications such as the standard under which the claim is reviewed or

### 2.    Recusal of Judge Fuste due to alleged Murder Threat

The factual basis for this claim was not averred in neither the original petition nor in any of the later-filed supplemental/amended habeas petition. At all times, petitioners have argued that recusal was purportedly warranted due to statements made by the Judge in a separate sentencing hearing that allegedly showed bias. Rivera-Carrasquillo has proffered absolutely no evidence that there was a murder plot against the Judge, or that the Jude or trial counsel knew about it. This claim does not relate back to the original recusal ground. In any event, even if timely, I would find that petitioner has not met its burden to show entitlement to an evidentiary hearing on this claim.

### 3.    Prosecutorial Misconduct at Trial and Witness Collusion

Rivera-Carrasquillo's original claim of ineffective assistance of counsel for failure to cross-examine government witness Wesley Figueroa-Cancel with an FBI-302 report that showed an inconsistent version of the El Chaple murder has evolved into a claim of prosecutorial misconduct for allegedly presenting the perjured testimony of Figueroa-Cancel at trial. Intertwined with this claim is the argument that both the Government and trial counsel were aware that witnesses housed together at MDC Guaynabo colluded to fabricate testimony.

It is undisputed that the claim of prosecutorial misconduct was originally brought by Rivera-Carrasquillo *pro se* in his Third Supplemental Memorandum of Law more than two years after the original habeas petition was filed. (*See* Civil No. 21-1198 (ADC),

---

whether prejudice needs to be shown. That, in my view, is a separate inquiry to be decided later on the merits of the claim after the factual record has been developed at the evidentiary hearing.

Docket No. 23). The Government, however, did not immediately raise the limitations defense as to this claim. Instead, the United States responded to it on the merits arguing that "this Court should deny Petitioner's request for habeas relief premised on prosecutorial misconduct because it is based on incorrect facts." (Id., Docket No. 24). Subsequently, in opposing the motion filed by retained counsel for leave to amend, the Government raised for the first time the argument that the claim is time-barred. (Id., Docket No. 62). In doing so, the Government has waived the limitations defense. *Walker v. United States*, 134 F.3d 437, 446-47 (6th Cir. 2025) (finding waiver of statute of limitations defense, as opposed to just forfeiture, when the Government was aware of the limitations issue and did not raise it choosing instead to respond to the merits of the claim.).

Whether sufficient evidence has been adduced regarding collusion and perjured testimony to get to an evidentiary hearing is a closer question. The petitioners have proffered a sworn statement of Alexis Betancourt and other evidence related to meetings at the cooperators' unit at MDC Guaynabo to coordinate the testimonies in preparation for trial. There is also sufficient evidence proffered about a significant inconsistency and a substantive change in version regarding the murder of El Chaple. In the FBI-302 report (Id., Docket No. 1-3), Figueroa-Cancel puts himself removed in time and place (15 minutes staying near the benches) from the murder of Chaple. At trial, however, he testified among other things, that he was there, right next to the person, witnessed when the shot was taken, and helped get El Chaple's body into the SUV. (Criminal No. 12-200 (ADC), Docket No. 1577).

This is not conclusive evidence that perjured testimony was knowingly presented. Nor does my determination mean that habeas relief is warranted even if there was. *See Moreno-Morales v. United States*, 334 F.3d 140, 148 (1st Cir. 2003) (cleaned up) ("Prosecutorial misconduct is only a ground for § 2255 relief if it violates petitioner's due process rights, that is, if the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process."). But the proffered evidence is sufficient for a finding that the petitioner met his burden to show entitlement to an evidentiary hearing on the claim.

### 4.    *Prosecutorial Misconduct before the Grand Jury*

Although I am finding, as stated above, that leave to amend should be granted, and that the claim of prosecutorial misconduct should be allowed to proceed, there is no basis on the record to allow exploration of a claim of prosecutorial misconduct before the Grand Jury. There was no development for this claim, nor evidence proffered, by way of affidavit or otherwise, to support the allegation that the Government presented perjured testimony before the Grand Jury. In his third supplemental memorandum, Rivera-Carrasquillo makes a conclusory statement that the trial prosecutor presented the known perjured testimony of witness Wesley Figueroa-Cancel **"to secure the Indictment."** (Civil No. 21-1198 (ADC), Docket No. 23). Yet, in said pleading, the discussion focuses only on the trial testimony. No Grand Jury transcripts or other evidence is proffered.

Furthermore, in the motion for leave to amend filed by counsel, it is asserted that "[t]he Government incurred in prosecutorial misconduct by repeatedly presenting perjured evidence to the Grand Jury." (Id., Docket No. 54). However, as the argument progresses, it becomes evident that the claim refers to the alleged coordination of

testimonies between Figueroa-Cancel and others and the "fabricated" nature of it. There is nothing adduced with respect to what transpired before the Grand Jury. *See United States v. Zanino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). The Court will not allow evidence to be presented or arguments to be made regarding prosecutorial misconduct before the Grand Jury.

Thus, for the reasons outlined above, the motion for leave to amend (Civil No. 21-1198 (ADC), Docket No. 56) is GRANTED in part and DENIED in part.

**B.    Rivera-Carrasquillo's Motion to Expand Evidentiary Hearing (Civil No. 21-1198, Docket No. 57).**

As briefly noted, there is no need for an evidentiary hearing regarding the purely legal challenge to certain counts of conviction under *Davis and Taylor*. I also find that Rivera-Carrasquillo has not met his burden to show that an evidentiary hearing is warranted regarding the following claims asserted in his original petition: ineffective assistance of counsel for failure to object to jury instructions, for failure to present evidence of brain injury, for failure to request a multiple conspiracies jury instruction, and for failure to request Judge Fusté's recusal on grounds of statements made at a separate sentencing hearing. As to these claims, there are no material controversies of fact, and the Court can decide whether petitioner is entitled to relief based on the record as it stands.

Accordingly, the scope of the evidentiary hearing with respect to Rivera-Carrasquillo is limited to the following claims:

- Ineffective assistance of counsel for failure to raise the matter of juror misconduct and the related claim of structural error;

19

- Ineffective assistance of counsel for failure to confront Figueroa-Cancel with a contradictory FBI-302 report;

- Ineffective assistance of counsel for failure to present evidence of cooperating witnesses housed together colluding to make their testimonies match; and

- Prosecutorial misconduct for allegedly presenting the perjured testimony of Figueroa-Cancel at trial regarding the murder of El Chaple.

The motion to expand the evidentiary hearing (Docket No. 57) is thus GRANTED in part and DENIED in part.

**C.    Astacio-Espino's Motion for Leave to Amend (Civil No. 21-1210 (ADC), Docket No. 44)**

Astacio-Espino's motion for leave to amend (Civil No. 21-1210 (ADC), Docket No. 44) is also allowed in part and the following claims will be deemed properly before the Court. First, the standalone claim of juror bias and misconduct as a violation to the Sixth Amendment right to an impartial jury relates back and is, thus, timely for the reasons explained above in addressing Rivera-Carrasquillo's motion for leave to amend. Second, the claim of ineffective assistance of counsel for failure to object to the errors in the jury instructions will be considered in tandem with the *Davis/Taylor* claim challenging the RICO conspiracy and VICAR murder counts as crime of violence predicates of the §§ 924(c) and (j) convictions. Both claims will be decided on the briefs and will not form part of the upcoming evidentiary hearing. The claim of ineffective assistance of counsel for failure to call exculpatory witness Alexis Betancourt is timely and will form part of the evidentiary hearing as ordered by the presiding District Judge. These claims either relate back to the original petition or the Government has waived the statute of limitations defense by not affirmatively raising it in its answer.

However, the claim that trial counsel provided ineffective assistance for failing to move for the recusal of Judge Fusté due to alleged death threats against him is precluded and will not be considered. As noted above, there is no factual basis for such claim despite petitioner's categorical assertion that his trial counsel was "personally aware" of "a credible threat of assassination" against Judge Fusté by "his alleged co-conspirators."[4] Therefore, Astacio-Espino has not shown entitlement to an evidentiary hearing on that claim.

Lastly, the following ineffective assistance of counsel claims asserted in the original habeas petition will not form part of the evidentiary hearing: failure to translate affidavit to establish standing under the Fourth Amendment; failure to request a multiple conspiracies jury instruction; failure to move to strike the testimony of Lt. Javier Burgos regarding helicopter incident; and failure to object to the use of firearms possession as a RICO predicate. As to these, Astacio-Espino has not established a sufficient controversy of material fact to warrant an evidentiary hearing.

**D.    Astacio-Espino's Motion for Disclosure of Juror Number (Docket No. 75).**

At the status conference held before the undersigned on October 20, 2025, counsel for Astacio-Espino demanded that the Court provide him the juror number for

---

[4] I have reviewed the record and the pleadings of all petitioners. They have not directed me to, and I have not been able to find, any reference in the record to the alleged threats made to Judge Fusté. For instance, Astacio-Espino points to his affidavit in support of the original habeas petition. Specifically, at Docket No. 46, page 2, Astacio Espino cites to Criminal No. 12-200, Docket No. 2326-2. That document is Astacio-Espino's affidavit attached to his original § 2255 petition filed as a copy in the criminal case on April 30, 2021. There is no mention of a murder plot against, or alleged threats to, Judge Fusté. The only allegation of bias is related to statements made by the Judge at the sentencing hearing of another defendant.

21

who he claims is a juror that participated in the trial and who has been identified by the name of "Carmencita Díaz." This despite his very confident assurances in his pleading that the juror that he has identified as Carmencita Díaz was Juror No. 21. I ordered counsel to file a motion directing me to any authority that would allow the Court to disclose such information in a case where the Court previously ordered the jury to be anonymously impaneled. He complied. (Id., Docket No. 75).

Astacio-Espino maintains that disclosing the juror number will not reveal any new identifying information to the defense. This is so because his own "independent investigation has confirmed that Carmencita Díaz herself has acknowledged serving as a juror in Petitioner's trial. She was interviewed by defense investigator Janeliz Rodríguez, and confirmed her role, and admitted recognizing Petitioner as the defendant she voted to convict." (Id. at 4).[5]

Petitioner cites caselaw[6] for the proposition that juror bias must be addressed through a hearing and that courts should conduct reasonable investigations when allegation of juror misconduct arise. Such proposition is not controversial. However,

---

[5] I note that the sworn statement of the investigator (Civil No. 21-1210 (ADC), Docket No. 46-3), says nothing about Ms. Díaz admitting that she recognized Astacio-Espino as the defendant she voted to convict.

[6] Counsel once again resorts to citing caselaw in a misleading fashion. For example, counsel cites *Smith v. Phillips*, 455 U.S. 209 (1982) asserting that "[t]he Court rejected automatic disqualification rules, insisting instead on case-specific inquiry—an inquiry that cannot proceed without identifying the juror at issue." (Id. Docket No. 75 at 4). Nowhere in the *Smith* opinion is there a statement by the Court "insisting" that a juror bias inquiry cannot proceed without identifying the juror at issue. Similarly, the motion contains a non-existent quote from *United States v. Paniagua-Ramos*, 251 F.3d 242, 247-48 (1st Cir. 2001), which was cited by counsel in purported support for his contention that "limited disclosure of numerical identifiers is a practical, narrowly tailored measure to enable such review without jeopardizing juror privacy." (Id. at 5). But *Paniagua-Ramos* has nothing to do with numerical identifiers or juror privacy.

aside from general principles of juror bias inquiries, counsel has not directed my attention to any authority holding that I am authorized to disclose the juror number of whom petitioners claim is a person by the name Carmencita Díaz who was selected as juror in the petitioners' trial.

To be sure, courts are authorized to keep the names of jurors confidential if the interest of justice so requires. 28 U.S.C. § 1863(b)(7). And in this case, the decision to impanel an anonymous jury was upheld as appropriate by the First Circuit. *See United States v. Ramirez-Rivera*, 800 F.3d 1, 36 (1st Cir. 2015); *United States v. Rivera-Carrasquillo*, 933 F.3d 33, 40 (1st Cir. 2019). The discretion the Court has to establish the scope of the juror misconduct inquiry includes the discretion to deny requests by counsel in order to preserve a juror's anonymity. *See United States v. Ochoa-Vazquez*, 428 F.3d 1015, 1031 n. 19 (11th Cir. 2005) (finding that the district court did not abuse its discretion when it refused to allow a defense attorney to return an unsolicited phone call from an alternate juror "in order to preserve the juror's anonymity.").

Astacio-Espino's request assumes that there is no controversy that a person by the name Carmencita Díaz sat on the anonymous jury that convicted him. He is sure that he has identified the right person and is merely seeking to "formalize the record." Notwithstanding the confidence that the petitioner has exhibited in his investigation, the Court is being asked to confirm (or deny for that matter) the identity of a juror that was anonymously selected after a finding was made that the interest of justice so required. I cannot do so under the circumstances of this case, and without having been placed in a position to find that I am legally authorized to do so.

The motion at Docket No. 75 is DENIED.

**E.    Lanza-Vázquez's Motions for Leave to Amend and to Expand Evidentiary Hearing (Civil No. 21-1297 (ADC), Docket Nos. 38 and 42).**

As an initial matter, the Government argues that all of Lanza-Vázquez's claims are time barred and that the certification which states that Lanza-Vázquez placed his original petition in the prison mail system prior to expiration of the limitations period is highly suggestive of fraud given that the petition is postmarked almost two months later. In support, the Government offers the Declaration under the penalty of perjury of a USP Coleman representative.

The Government's argument is persuasive regarding the likelihood that petitioner fraudulently certified that he timely mailed his habeas petition. Nevertheless, as with the other petitioners, the Government fails to address why it chose to respond to the merits of the untimely-filed petition instead of affirmatively asserting the statute of limitations defense. What's more, in its response to the original habeas petition, the Government conceded the point when it stated: "On April 16, 2020, Ramón Lanza-Vázquez ("Lanza") filed a **timely** motion pursuant to 28 U.S.C. § 2255 . . . ." (Civil No. 21-1297 (ADC), Docket No. 8 at 1)) (emphasis added). As I have observed in the context of some of the other petitioners, the Government waived its right to assert the statute of limitations defense by steering the Court towards the merits and away from the limitations defense. *Walker v. United States*, 134 F.3d at 447.

With respect to the scope of the evidentiary hearing, and following the same rationale with respect to the other consolidated petitioners, I find that the claim of juror misconduct, however framed, will be allowed to form part of the evidentiary hearing that the presiding District Judge has ordered the undersigned to conduct. The claim of

ineffective assistance of counsel for failure to present evidence about witnesses' collusion will also be allowed to be litigated at the upcoming evidentiary hearing. The *Davis/Taylor* claim will be ruled upon on the briefs.

However, the claim regarding counsel's failure to move for the disqualification of Judge Fusté on grounds of bias due to an alleged murder plot against him suffers from the same infirmity as those of the other consolidated petitioners. There is nothing in the record establishing the factual basis for the assertion that there was a murder plot against Judge Fusté and that he and trial counsel knew about it and failed to act. This claim has been repeated by all three petitioners without factual or evidentiary support and will not be allowed.

Now, there are two claims that I must separately address. Lanza-Vázquez brought a claim of ineffective assistance of counsel under *Missouri v. Fry* arguing counsel provide deficient advice in the context of plea bargaining. He also asserted a claim of ineffective assistance of counsel for failure to elicit the names of two individuals that allegedly ordered the murder of Orlando Medina-Serrano to show that such murder was not in furtherance of La ONU, but in retaliation for the cooperation of Medina-Serrano's sister in an unrelated matter. The latter claim was subsequently expanded to a claim of prosecutorial misconduct for withholding exculpatory evidence. (Id., Docket Nos. 11 and 34-1). The amended petition tendered by counsel includes the prosecutorial misconduct variant of the claim.

I agree with the Government that these two claims have not been sufficiently developed to reach the threshold of entitlement to an evidentiary hearing. The claim of faulty advice during plea negotiations on the matter of likelihood of receiving a

concurrent sentence is inadequate on its face as it provides only conclusory allegations. For example, Lanza-Vázquez asserts that the erroneous advice related to a state conviction that he claims was relevant conduct, but did not explain what state conviction he was referring to. Similarly, regarding the prosecutorial misconduct claim, Lanza-Vázquez only conclusorily stated that the Government was aware of two exculpatory witnesses that "could provide the real motives behind Medina Serrano's murder." (Id., Docket No. 39). There are no record citations, affidavits, or other evidentiary support for the claim that the Government knew of these witnesses and failed to provide the information. Therefore, these claims will not be considered as part of the evidentiary hearing.

The motions at Docket Nos. 38 and 42 are both GRANTED in part and DENIED in part.

## V.    CONCLUSION

For the above-outlined reasons, the parties should take notice regarding the claims that are deemed time-barred as well as the scope of the upcoming evidentiary hearing and be guided accordingly.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 7th day of November, 2025.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
